# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.D. and S.D.**

**No. 17-0665** (Tucker County 16-JA-1 & 16-JA-2)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.D., by counsel Timothy V. Gentilozzi, appeals the Circuit Court of Tucker County's June 12, 2017, order terminating his parental rights to M.D. & S.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging drug use and domestic violence between petitioner and the children's mother. The petition also alleged that petitioner was arrested in Pittsburgh, Pennsylvania, where he had traveled for his monthly suboxone appointment, and was found intravenously abusing his medication by injecting it in his foot in the parking lot of the medical provider in the presence of his wife and children. Upon petitioner's arrest, police found needles, knives, opium, and cocaine within reach of the children. Subsequently, the DHHR initiated an in-home safety plan to address these issues.

In February of 2017, the circuit court held an adjudicatory hearing, which petitioner, though represented by counsel, failed to attend. The DHHR presented testimony regarding the DHHR's response to the referral and the incident that occurred in Pittsburgh, during which petitioner was arrested for using drugs in the presence of his children. The circuit court found that petitioner used drugs in the presence of the children and failed to comply with an in-home safety plan put in place by the DHHR to prevent the removal of his children. Accordingly, petitioner was adjudicated as an abusing parent.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In April of 2017, the circuit court held a dispositional hearing. This was petitioner's first appearance in any of the proceedings. Prior to the dispositional hearing, petitioner failed to attend any hearings, failed to participate in any multidisciplinary treatment team meetings, and failed to submit to a drug screen. He was, however, represented by counsel at all stages of the proceedings. The dispositional hearing was continued to allow petitioner to meet with his attorney.

In May of 2017, the circuit court resumed the dispositional hearing wherein petitioner moved for an improvement period. The DHHR presented testimony that petitioner tested positive for methamphetamines, THC, and amphetamines. The DHHR also presented testimony regarding petitioner's poor attitude and failure to take responsibility for his actions, including his failure to acknowledge that his substance abuse affected his ability to parent his children. Therefore, the DHHR opposed the granting of an improvement period and moved for the termination of petitioner's parental rights. The guardian concurred with the DHHR and argued that petitioner did not meet his burden of showing that he would fully comply with an improvement period. The circuit court reaffirmed its findings of fact and conclusions of law as set forth in the adjudicatory order and further found insufficient evidence that petitioner would be likely to fully participate in an improvement period. Accordingly, the circuit court denied petitioner's motion for an improvement period. Finally, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and found that the welfare and best interests of the children require termination of petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]In addition to petitioner's parental rights being terminated below, the mother voluntarily relinquished her parental rights to the children on June 12, 2017. According to the DHHR and the guardian, the children are placed with the maternal grandparents with a permanency plan of adoption in that home.

Petitioner argues that the circuit court erred in terminating his parental rights. However, he fails to adequately brief or support his argument with any legal authority. "[I]ssues . . . mentioned only in passing but . . . not supported with pertinent authority, are not considered on appeal." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621(1996)). "Judges are not like pigs, hunting for truffles buried in briefs." *State Dep't of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Petitioner also fails to make a single citation to the record to support his argument.

These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]the brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, *and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.]* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Rule 10(j) of the West Virginia Rules of Appellate Procedure further provides that "[t]he failure to file a brief in accordance with this rule may result in the Supreme Court refusing to consider the case[.]" Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs that set forth rambling assignments of error that are essentially statements of facts with a conclusion that the lower tribunal was 'clearly wrong'" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate, as it relates to the assignment of error because it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Accordingly, we will not consider his argument on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 12, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3